

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2007

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1123

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Singh v. Atty Gen USA" (2007). *2007 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1123
_____

BALDEV SINGH

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from
the Board of Immigration Appeals
BIA No: A75-980-365
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2007

Before: RENDELL, FUENTES, and CHAGARES
Circuit Judges.

(Opinion Filed:   September 27, 2007)

_____

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

Baldev Singh, petitioner in this case, was initially granted asylum by an immigration judge (IJ). On appeal, the Board of Immigration Appeals (BIA) remanded the case to allow the parties to introduce further evidence regarding the veracity of Singh's claims. On remand, the IJ reversed her prior decision and denied the petition. On appeal, the BIA affirmed. Singh now seeks review of these decisions. For the reasons that follow, we will deny the petition.

## I. Facts and Procedural History

Baldev Singh entered the United States from India in October 1997 as a visitor. Singh filed for asylum and withholding of removal in April 1998. Singh stated that he had been persecuted in India because of his participation in Akali Dal Mann, a political party dedicated to the creation of an independent Sikh state. He claimed to have been tortured by the police on several occasions. In support of this claim, Singh submitted three letters, allegedly written by his doctors in India, purporting to document medical treatment he received subsequent to being tortured.

On January 27, 1999, the IJ granted Singh asylum in an oral ruling based on his claim that he had been tortured in India for his political activity. Subsequently, on May 4, 1999, the government sought to introduce a report which indicated that the doctor's letters submitted by Singh were fake. The IJ did not review the report and instructed the

2

government to file the report with a motion to reopen the proceedings. On May 12, 1999, the IJ, not having received the government's motion to reopen, issued a decision, finding that the government had abandoned its motion to reopen and noting that the IJ would be unlikely to grant it given the eleventh hour nature of the request to consider additional evidence. On May 24, 1999, the IJ finally received the motion to reopen and denied it.

The Department of Homeland Security appealed the IJ's decision to the BIA. On February 28, 2003, the BIA sustained the appeal and remanded the case to the IJ, noting that the "evidence [in the report was] probative and its use fundamentally fair, and we further find that it materially [a]ffects the Immigration Judge's factual findings." (Admin. R. 237.)

On September 23, 2003, the IJ conducted additional hearings on remand. Singh did not have any additional documentary evidence to present and Singh was unable to testify as there was no translator present. Singh's attorney represented that Singh was in fact treated by the doctors whose letters were determined to be fake, that the letters had been obtained for him once he had left India, and that he had believed them to be real when he submitted them. The IJ, noting that Singh was on notice from May 1999 that the veracity of those documents was in question, declined to allow Singh additional time to submit new evidence to support his claim. However, the IJ provided Singh the opportunity to file an affidavit before October 14, 2003, to provide any information that he would have testified to in court. Singh did not avail himself of that opportunity.

On April 2, 2004, the IJ reversed her earlier decision and denied Singh's petition,

3

finding that Singh's "reliability as a witness in support of his applications for relief has been shattered by the unreliable and false documentation that he supplied." (Admin. R. 35.) The IJ, unable to rely on Singh's original testimony, found that Singh had done nothing to rehabilitate his credibility,[1] and, accordingly, denied his petition. On December 20, 2005, the BIA adopted and affirmed the IJ's decision. This appeal followed.

## II. Jurisdiction

The BIA's jurisdiction arose under 8 C.F.R. §§ 1003.1(b), 1003.38, and 1240.15, granting it appellate jurisdiction over IJs' decisions in removal proceedings. This Court has jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252.

## III. Standard of Review

Where, as here, the BIA summarily affirms the findings of the IJ, we review the IJ's decision directly. Mudric v. Att'y Gen., 469 F.3d 94, 101 (3d Cir. 2006). We review factual determinations under the substantial evidence standard, meaning we may not disturb a finding "unless any reasonable adjudicator would be compelled to conclude to the contrary." Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)). We will review de novo whether Singh's due process rights were

---

[1] Singh submitted a single piece of evidence in response to the report, a statement by Nirmal Kumar that he did not initially recognize the letter when asked by the investigator about it, but later found out that the letter was issued by his assistant. He also asserted that he did treat Singh on the dates in question. As this statement was submitted four years after the investigation into the veracity of the documents provided by Singh, the IJ found it to be "too little, too late." (Admin. R. 34.)

violated. <u>Ezeagwuna v. Ashcroft</u>, 325 F.3d 396, 405 (3d Cir. 2003).

## IV. Analysis

On appeal, Singh makes three arguments. First, Singh argues that he was denied due process because the IJ did not evaluate the reliability and trustworthiness of the report and because the IJ misconstrued the BIA's decision as to preclude any challenges to the report. Second, he complains that the IJ failed to make a credibility determination on remand by simply accepting the report as true and failing to reweigh the evidence in his file. Third, Singh complains that he was not permitted to testify, after which the IJ held his failure to testify against him. Each of these arguments will be addressed in turn.

## A.

Singh contends that the admission of the report violated his due process rights because the report was not reliable or trustworthy, citing to <u>Ezeagwuna v. Ashcroft</u>, 325 F.3d at 404-405. Under <u>Ezeagwuna</u>, an individual's due process rights are violated if evidence considered by the BIA is unreliable or not trustworthy. <u>Id.</u> at 405. In <u>Ezeagwuna</u>, we found that the petitioner's due process right had been violated by the introduction of a report indicating that she had falsified documents because it: 1) was presented to petitioner's counsel just "a few days before the final hearing," 2) contained "multiple hearsay of the most troubling kind," as the writer of the report had not done the investigation or even communicated directly with the investigator, and 3) contained "absolutely no information about what the 'investigation' consisted of." <u>Id.</u> at 406-408. These concerns are not present in Singh's case. First, though Singh was first notified of

5

the report after his asylum petition had been granted, he had over four years before the hearing on remand to gather evidence to show that the report was wrong. Second, in this case, the report was written by the agent who performed the investigation. Finally, the report included a page-long description of how the investigation was conducted. Accordingly, Singh's due process rights were not violated by the introduction of the report.[2]

**B.**

Next, Singh argues that the IJ erred by not considering the comparative weight of the report versus the rest of the evidence presented. The IJ indicated that it was:

> not prepared to pick through other evidence given that [Singh] certainly does nothing to convince the court that any other document that he supplied is, in fact, more reliable than those already detected as fabrications. Put simply, two fake documents is enough to justify this court's decision . . . to withdraw its earlier finding that [Singh] is credible.

(Admin. R. 35.) We discern no error in the IJ's assessment. Given that Singh provided the IJ with false evidence and did nothing to rehabilitate that evidence despite having years to do so, the IJ was not required to individually determine the veracity of the rest of the documents presented.

Moreover, Singh's complaint that the IJ improperly relied on her intuition to overturn her prior favorable credibility determination is simply a misstatement of the

---

[2] Moreover, Singh's argument that the IJ erred by construing the BIA's decision remanding the case as "deem[ing] the [report] material, reliable, and probative" fails. (Admin. R. 34.) The BIA deemed the introduction of the report to be "fundamentally fair." The IJ properly relied on this decision to admit the report into evidence.

record. The IJ did not rely on her intuition. Rather, in the April 2004 decision, she noted that she had previously "expressed . . . an intuitive sense that [Singh] was fabricating his story. Evidently, the court's intuition turned out to be reliable." (Admin. R. at 34 (citations omitted).)

## C.

Singh complains that after he was not permitted to testify on remand because a translator was not present, the IJ "seem[ed] to hold []his non-testimony against [him]." (Pet'r Br. at 24.) This argument is not persuasive. The IJ provided Singh with the opportunity to submit an affidavit to provide any information that he would have testified to in court. Singh did not avail himself of this opportunity. The IJ properly referred to his failure to "testify further in this case," given that Singh did not provide the court with an affidavit.

## V. Conclusion

In sum, Singh's due process rights were not violated and there was substantial evidence to support the IJ's decision. Accordingly, we will deny the petition.